## ATTILIO D'AGOSTINO *v.* HOUSING AUTHORITY OF THE CITY OF WATERBURY
### (AC 26440)

Schaller, DiPentima and Rogers, Js.

Argued March 24—officially released June 6, 2006

*Christopher N. Parlato*, for the appellant (plaintiff).

*William A. Ryan*, with whom were *Michael R. Brandt*, and, on the brief, *Holly Quackenbush Darin*, for the appellee (defendant).

*Opinion*

ROGERS, J. The plaintiff, Attilio D'Agostino, appeals from the judgment of the trial court dismissing his two count complaint against the defendant, the housing authority of the city of Waterbury, for lack of subject matter jurisdiction. The plaintiff claims that the court improperly concluded that he failed to exhaust his administrative remedies. We affirm the judgment of the trial court.

In the spring of 1995, the plaintiff commenced his employment with the defendant as a maintenance mechanic, which continued for the next eight years. In January, 2004, the plaintiff accepted a promotion to the position of maintenance supervisor. The present

litigation centers on the events surrounding that promotion.

The plaintiff's complaint alleged that on January 12, 2004, an agent of the defendant represented to the plaintiff that, were he to accept the promotion, the position of maintenance supervisor would not be eliminated.[1] The plaintiff accepted the promotion, and his employment thereafter was governed by a collective bargaining agreement (agreement) between the defendant and the Local 760, Service Employees International Union, AFL-CIO (union). Article XXI, § 2, of the agreement, entitled "Grievance Procedure," provides in relevant part: "Any difference or disagreement between the parties or between an employee and the [defendant], involving the breach, the interpretation or the application of the provisions of this [a]greement, or involving discipline, suspension or discharge of any employee, or involving conditions of employment, shall constitute a grievance and shall be taken up in the manner hereinafter set forth." The agreement further provides that "[a]ny grievance which is not settled through the grievance procedure provided in this [a]greement shall be submitted to arbitration at the request of either party . . . ." On July 6, 2004, the position of maintenance supervisor was eliminated, and the plaintiff was discharged.

On August 25, 2004, the plaintiff initiated a grievance before the state board of mediation and arbitration (grievance) captioned "Demand for Arbitration Services." That filing contested the propriety of the elimination of the position of maintenance supervisor and the plaintiff's resulting discharge. On August 30, 2004, five days after filing the aforementioned grievance, the plaintiff filed his complaint in the present matter. In response, the defendant filed a motion to dismiss predi-

---

[1] The plaintiff's complaint contained claims of negligent misrepresentation and promissory estoppel.

cated on the plaintiff's failure to exhaust the administrative remedies contained in the agreement. Following a hearing on the matter, the court granted the motion to dismiss. This appeal followed.

We first note the well established standard of review. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Neiman* v. *Yale University*, 270 Conn. 244, 250–51, 851 A.2d 1165 (2004).

In its memorandum of decision, the court concluded that the plaintiff had failed to exhaust his administrative remedies prior to the commencement of the present litigation. "It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in [a] collective bargaining agreement . . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. . . . The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. . . . [I]t would deprive employer and

union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective [bargaining] agreements." (Citation omitted; internal quotation marks omitted.) *Hunt* v. *Prior*, 236 Conn. 421, 431–32, 673 A.2d 514 (1996).

I

The plaintiff first alleges that the grievance procedure detailed in article XXI of the agreement is inapplicable to his claims of negligent misrepresentation and promissory estoppel. We disagree.

It is axiomatic that a collective bargaining agreement is a contract. See, e.g., *W. R. Grace & Co.* v. *Local Union 759, International Union of United Rubber, Cork, Linoleum & Plastic Workers of America*, 461 U.S. 757, 766, 103 S. Ct. 2177, 76 L. Ed. 2d 298 (1983); *Service Employees International Union Local 36, AFL-CIO* v. *City Cleaning Co.*, 982 F.2d 89, 95 (3d Cir. 1992) (collective bargaining agreement a contract between union and employer); *McCann* v. *Chicago*, 968 F.2d 635, 638 (7th Cir.) ("collective bargaining agreement is a contract"), cert. denied, 506 U.S. 986, 113 S. Ct. 495, 121 L. Ed. 2d 432 (1992); *Poole* v. *Waterbury*, 266 Conn. 68, 87, 831 A.2d 211 (2003). Our plenary review of the plaintiff's claim, therefore, is informed by principles of contract interpretation.

The grievance procedure set forth in article XXI specifically provides: "Any difference or disagreement between the parties or between an employee and the [defendant] involving discipline, suspension or discharge of any employee . . . shall constitute a grievance and shall be taken up in the manner hereinafter set

forth." Both claims alleged in the plaintiff's complaint concern his July 6, 2004 discharge. As such, the plaintiff should have pursued his claims under the grievance-arbitration provisions of the collective bargaining agreement before seeking redress in state court. See *School Administrators Assn.* v. *Dow*, 200 Conn. 376, 383, 511 A.2d 1012 (1986).

The plaintiff relies on *Barbieri* v. *United Technologies Corp.*, 255 Conn. 708, 771 A.2d 915 (2001), in support of his contention that because the representation that the position of maintenance supervisor would not be eliminated allegedly was made prior to his acceptance of that position, the grievance procedure is inapplicable to his claims of negligent misrepresentation and promissory estoppel. The plaintiff's reliance on that precedent is misplaced. The issue before the court in *Barbieri* was federal preemption, not exhaustion of administrative remedies. The *Barbieri* court held that although the plaintiffs' breach of contract claims were not preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (a); *Barbieri* v. *United Technologies Corp.*, supra, 731–32; their claims were preempted under "the broad preemptive scope of the National Labor Relations Act under [*San Diego Building Trades Council* v. *Garmon*, 359 U.S. 236, 245, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959)]." *Barbieri* v. *United Technologies Corp.*, supra, 745.

Federal preemption is not an issue in the present case. Accordingly, *Barbieri* is inapposite to the plaintiff's claim. The plaintiff has presented no further authority, Connecticut or otherwise, in support of his contention. We therefore conclude that the grievance procedure contained in the agreement is applicable to the plaintiff's claims.

## II

The plaintiff next contends that the grievance procedure set forth in the agreement is not an exclusive remedy. His claim is unavailing.

"[C]ollective bargaining agreement procedures are the exclusive remedy unless the parties expressly agree otherwise. . . . [W]here nothing is said in the collective bargaining agreement about exclusivity, the agreement is considered to be the exclusive remedy." *Saccardi* v. *Board of Education*, 45 Conn. App. 712, 720, 697 A.2d 716 (1997). The grievance procedure provides in relevant part that "[a]ny difference or disagreement between the parties or between an employee and the [defendant], involving the breach, the interpretation or the application of the provisions of this [a]greement, or involving discipline, suspension or discharge of any employee, or involving conditions of employment, *shall* constitute a grievance and *shall* be taken up in the manner hereinafter set forth." (Emphasis added.) The plaintiff's complaint alleges that on July 6, 2004, the position of maintenance supervisor was eliminated "causing the plaintiff to become unemployed." To discharge an employee is "to relieve of employment." Random House Webster's Unabridged Dictionary (2d Ed. 2001); see also American Heritage Dictionary of the English Language (New College Ed. 1981) (discharge defined as dismissal from employment); Ballantine's Law Dictionary (3d Ed. 1969) (same). In this case, the plaintiff was discharged from his duties as maintenance supervisor and, thus, the grievance procedure set forth in the agreement was his exclusive remedy.[2]

---

[2] The plaintiff disagrees, referring to the defendant's personnel policies adopted January 27, 1986, which defines "discharge" as the "termination of employment for disciplinary cause." The plaintiff has not explained how that document pertains to the present dispute. In fact, the document does not even reference collective bargaining agreements. Moreover, the twenty-two page collective bargaining agreement governing the plaintiff's employment as maintenance supervisor never mentions the defendant's personnel policies. Indeed, the agreement and the personnel policies contain separate grievance procedures for matters arising thereunder. We therefore reject the plaintiff's attempt to insert the personnel policies' definition of discharge into the collective bargaining agreement.

"The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes." *Labbe* v. *Pension Commission*, 229 Conn. 801, 811, 643 A.2d 1268 (1994). In light of the foregoing, we conclude that the court properly granted the motion to dismiss for failure to exhaust administrative remedies.

The judgment is affirmed.

In this opinion the other judges concurred.